## Donoghue, Trustee, *v.* Schwab, Appellant.

Argued April 28, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Robert P. Shick,* for appellant.

*C. C. O'Brien,* of *Byron, Longbottom, Pape & O'Brien,* for appellee.

PER CURIAM, June 26, 1936:

The DePaul Construction Company, a corporation engaged in road construction work, was adjudged a bankrupt on December 31, 1930. An involuntary petition had been filed on December 8, 1930. Within the four months' period preceding the filing of this petition, the company made payments to defendant totalling $28,539.64. The trustee in bankruptcy brought this suit to recover these payments, alleging that they were preferential and voidable under Section 60 of the Bankruptcy Act of 1898, and amendments thereto.

The company was incorporated in 1928, with a capital of only $1,000 represented by machinery and equipment. With this, it entered into five contracts for state and municipal road construction. Arrangements were made with defendant to finance the work on these contracts. An employee of defendant's firm was made its treasurer without compensation and given the power to sign checks. He also held 70 shares of the total issue of 250 shares in trust for defendant, as security for the loans, with the understanding the stock should be paid for out of profits. The offices of the DePaul Company were housed in the same suite where defendant conducted his own business. Defendant made advances to the company in varying amounts under an agreement that he was to be paid a 10% finance or service charge, which embraced office rent, bookkeeping and stenographic service. These loans to meet payrolls and other expenses totalled $40,000, including the finance charges of about $4,000. They were to be repaid upon receipt of remittances from the State.

Prior to the adjudication in bankruptcy the company had repaid defendant the entire amount loaned. These payments reduced the total assets which came into the hands of the trustee so that only 18% was available for other unsecured creditors of the same class as defendant. These creditors had furnished materials and other neces-

sary supplies. There is no serious dispute as to the company's insolvency when the payments were made.

Defendant contended that the evidence did not show depletion in the assets of the bankrupt company or the existence of any antecedent debt. It is also urged there was an equitable assignment of the funds to be received from the State. The jury found against defendant, who assigns as error the refusal of the court below to grant a judgment n. o. v. or a new trial.

Appellee produced evidence in support of all the necessary elements of a voidable preferential payment within the meaning of the Bankruptcy Act: See *Remington on Bankruptcy,* (4th ed.), Sec. 1817. He proved a preëxisting debt by showing the advances were loans on the general credit of the company. There is evidence revealing they were voluntarily repaid within four months preceding the bankruptcy during which the company was insolvent, thereby causing a depletion in assets and giving appellant an undue advantage over other creditors of the same class. The testimony discloses that appellant's relation to the bankrupt company was such that he knew or should have known of the conditions and that the payments to him effected a preference. It is apparent that he did not play the part of a charitable benefactor, but availed himself of an opportunity to invest money in a risky adventure with hope of large profit. There was adequate evidence to support the jury's verdict, and the assignment of error relating to the refusal of the court below to grant a judgment n. o. v. must be dismissed.

The record fails to disclose any prejudicial or harmful errors warranting the granting of a new trial. The charge of the court below did not unduly emphasize appellee's case. It was an accurate recital of the facts and the law applicable thereto in a clear and unprejudicial manner. All material issues of fact were left to the decision of the jury.

Judgment affirmed.